[Cite as *State v. Anderson*, 2026-Ohio-2652.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2026-01-001 |
| vs. | : | OPINION AND JUDGMENT ENTRY 7/13/2026 |
| JENNA L. ANDERSON, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 25CR014545

Eric E. Marit, Preble County Prosecuting Attorney, and Kathryn M. West, Assistant Prosecuting Attorney, for appellee.

Alana Van Gundy, for appellant.

## **O P I N I O N**

**BYRNE, P.J.**

{¶ 1} Jenna L. Anderson appeals from the judgment and sentence of the Preble County Court of Common Pleas in a criminal case. For the reasons discussed below, we affirm in part, reverse in part, and remand for further proceedings.

## I. Background

{¶ 2}   Anderson pleaded guilty to one count of unlawful sexual conduct with a minor and two counts of gross sexual imposition. The remaining charges against Anderson were dismissed. At Anderson's sentencing hearing, the trial court acknowledged its duty to "protect the public and to punish the offender for [her] conduct and to rehabilitate the offender" by "consider[ing] the seriousness and recidivism factors announced in 2929.12 of the Revised Code." The trial court found that no factors heightened the seriousness of Anderson's crime. In addition, the court concluded Anderson was unlikely to recidivate, noting that she had lived a "largely" law-abiding life, showed genuine remorse for her conduct, "cooperated with law enforcement[,] and accepted responsibility for her actions" as evidenced by her plea. Yet, the trial court found Anderson unamenable to community control due to the "disturbing pattern of sexual assault" in which Anderson "suppl[ied] alcohol to juveniles" and took advantage of them. The court noted that this conduct occurred "over a significant period of time." The court imposed an aggregate 36-month prison sentence.

{¶ 3}   Anderson's presentence-investigative report stated she has not been employed since 2016 and is dependent on her parents for financial support. The sentencing order stated, "The Defendant shall pay all court costs and attorney's fees due in this matter."

{¶ 4}   Anderson now appeals, raising two assignments of error.

## II. Law and Analysis

## A. Consideration of Sentencing Factors

{¶ 5}   Anderson's first assignment of error states:

> THE TRIAL COURT ERRED BY IMPOSING A PRISON TERM THAT IS CLEARLY AN[D] CONVINCINGLY UNSUPPORTED BY THE RECORD PURSUANT TO R.C.

2953.08(G)(2).

{¶ 6}   In support of this assignment of error, Anderson points to the trial court's statements that she "lived a largely law-abiding life, demonstrated genuine remorse, accepted responsibility, and cooperated with law enforcement." She argues these findings correspond to the R.C. 2929.12(E) factors concerning whether an offender "is not likely to commit future crimes" and suggest she was unlikely to recidivate. She also asserts the trial court "did not identify any statutory recidivism-likely factor supporting the conclusion that incarceration was necessary rather than a lesser sanction." Finally, Anderson asserts that "[w]hen a sentencing court finds no statutory seriousness factors and multiple mitigating recidivism factors, the purposes of R.C. 2929.11 weigh against the need for a substantial term of incarceration." As a result, she concludes, the record does not support the trial court's decision to impose an aggregate prison sentence of 36 months.

### 1.  Applicable Law and Standard of Review

{¶ 7}   The "overriding purposes of felony sentencing" are set forth in R.C. 2929.11. Those purposes are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender . . ." R.C. 2929.11(A). In addition, R.C. 2929.11 requires courts to evaluate "the seriousness of the offender's conduct and its impact upon the victim," and to select sentences that are "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 8}   Another Ohio statute, R.C. 2929.12, gives the trial court discretion in balancing and complying with the overriding purposes of sentencing set forth in R.C. 2929.11 while also considering various factors regarding the seriousness of the crime and the risk of recidivism. R.C. 2929.12(A). These factors include, but are not limited to,

- 3 -

(1) whether there was "serious physical, psychological, or economic harm" to the victim, (2) whether the offender had a "history of criminal convictions," (3) whether "the offender's relationship with the victim facilitated the offense," and (4) "any other factors that are relevant to achieving [the] purposes and principles of sentencing." R.C. 2929.12(A)-(F). Trial courts have discretion as to how much weight to place upon any one factor. *State v. Wright*, 2025-Ohio-1690, ¶ 20 (12th Dist.).

{¶ 9} R.C. 2953.08(G)(2) defines the standard of review for felony-sentencing appeals. *State v. Murphy*, 2025-Ohio-63, ¶ 13 (12th Dist.), citing *State v. Day*, 2021-Ohio-164, ¶ 6 (12th Dist.). As applicable here, R.C. 2953.08(G)(2) states:

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14 or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is contrary to law.

**2. Analysis: Record Support**

{¶ 10} "R.C. 2929.11 and R.C. 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(A)." *Murphy* at ¶ 14, citing *State v. McIntosh*, 2023-Ohio-4022, ¶ 50 (12th Dist.). "Therefore, R.C. 2953.08(G)(2) does not permit this court to modify or vacate a sentence based on a lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12." *Id*. Instead, our review is limited to determining whether Anderson has presented clear and convincing evidence that her sentence is "otherwise contrary to law" under R.C. 2953.08(G)(2)(b). *Id*. at ¶ 15, citing *State v. Iverson*, 2023-Ohio-1601, ¶ 40 (12th Dist.). As a result, Anderson's argument that her sentence was not supported by the record—based on her proposed weighing of the

various R.C. 2929.12 factors, especially R.C. 2929.12(E)—is meritless. See *State v. Mason*, 2026-Ohio-2039, ¶ 33 (12th Dist.) ("[N]othing in R.C. 2953.08[G][2] permits an appellate court to conduct a 'freestanding inquiry' into the sentencing factors such as [appellant] now urges us to undertake"), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 42.

{¶ 11} Ignoring this case law, Mason states in her appellate brief, "When the court expressly finds recidivism unlikely and the offense not among the more serious forms, the record must contain an explanation demonstrating why a prison term is nevertheless the minimum sanction necessary to protect the public and punish the offender." She cites no case law in support of this supposition, and we are aware of none. As we have explained at length, an appeals court may not reweigh the trial court's compliance with R.C. 2929.11 and 2929.12, and Anderson's request that we do so is without merit. *Mason* at ¶ 33. Moreover, it is well-settled that "Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, 'neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record.'" *State v. Bryant*, 2022-Ohio-1878, ¶ 20, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 20.

{¶ 12} For these reasons, Anderson is not entitled to the appellate relief she requests under R.C. 2953.08(G)(2)(a).

### 3. Analysis: Contrary to Law

{¶ 13} Anderson's arguments on appeal concern only R.C. 2953.08(G)(2)(a); she does not explicitly argue that her sentence was "contrary to law" under R.C. 2953.08(G)(2)(b). However, to the extent her argument may be interpreted as implicitly making that argument, such argument also fails.

{¶ 14} In the context of an R.C. 2953.08(G)(2)(b) analysis, "we are limited to reviewing whether [the appellant] has presented clear and convincing evidence that [her]

sentence is 'otherwise contrary to law.'" *State v. Iverson*, 2023-Ohio-1601, ¶ 40 (12th Dist.). A sentence is not clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b) where a trial court "'[1.] considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, [2.] properly imposes postrelease control, and [3.] sentences the defendant within the permissible statutory range.'" *State v. Lopez-Cruz*, 2023-Ohio-257, ¶ 8 (12th Dist.), quoting *State v. Ahlers*, 2016-Ohio-2890, ¶ 8 (12th Dist.).

{¶ 15} Here, all of these requirements were satisfied. First, as stated above, the trial court orally acknowledged its duty to "protect the public and to punish the offender for [her] conduct and to rehabilitate the offender" by "consider[ing] the seriousness and recidivism factors announced in 2929.12 of the Revised Code." While the trial court concluded no factors heightened the seriousness of Anderson's offense and that she was unlikely to recidivate, it nonetheless found community control inappropriate because of Anderson's "disturbing pattern" of sexually assaulting inebriated minors occurred "over a significant period of time." These oral statements demonstrate that the trial court satisfied its obligations under R.C. 2929.11 and 2929.12. Moreover, the court also stated in its written judgment entry of sentence that it "reviewed and considered . . . the principles and purposes of sentencing under [R.C.] 2929.11, [and] the seriousness and recidivism factors under [R.C.] 292912 . . ." We have repeatedly held that a trial court's citation to R.C. 2929.11 and 2929.12 in a sentencing entry is sufficient to demonstrate that it met its obligation to consider the principles and purposes of R.C. 2929.11 and considered the factors in R.C. 2929.12. *Mason* at ¶ 32, citing *State v. Julious*, 2016-Ohio-4822, ¶ 11 (12th Dist.).

{¶ 16} Second, Anderson does not challenge any action of the trial court with regard to postrelease control.

{¶ 17} Third, Anderson's sentences fall within the appropriate statutory ranges. Unlawful sexual conduct with a minor, a felony of the third degree, requires a sentence between 12 and 60 months of incarceration. R.C. 2907.04(A), (B)(3), R.C. 2929.14. Gross sexual imposition (of which Anderson pleaded guilty to two counts) is a felony of the fourth degree and can result in a prison sentence between six and 18 months. R.C. 2907.05(A)(1), (C)(1); R.C. 2929.14. Therefore, the aggregate sentence of 36 months in prison fell well short of the total to which the trial court could have sentenced her. As a result, the sentence imposed by the trial court in this case was not contrary to law and Anderson is not entitled to appellate relief under R.C. 2953.08(G)(2)(b). *See Iverson* at ¶ 41.

{¶ 18} This assignment of error is overruled.

## B. Court-Appointed Attorney Fees

{¶ 19} Anderson's second assignment of error states:

> THE TRIAL COURT ERRED BY IMPOSING COURT-APPOINTED ATTORNEY FEES WITHOUT DETERMINING APPELLANT'S ABILITY TO PAY.

{¶ 20} In its sentencing entry, the trial court stated, "[Anderson] shall pay all court costs and attorney's fees due in this matter." Anderson argues that the trial court erred in doing so because the court did not determine whether she had the ability to pay.

{¶ 21} Ohio law permits trial courts to assess court costs and court-appointed attorney fees against a defendant if the defendant "has, or reasonably may be expected to have," the ability to pay for those costs and fees. R.C. 2941.51(D). However, such costs and fees "cannot be included as a part of the offender's sentence." *State v. Taylor*, 2020-Ohio-6786, ¶ 37. If the court includes the assessment of those fees in its sentencing entry, "the court must note that the assessment of the court-appointed counsel fees is a civil assessment and is not part of the defendant's sentence." *Id.*

{¶ 22} Here, the State concedes the trial court did not specify in its sentencing entry whether the court-appointed attorneys fees it imposed were a civil assessment that was not part of Anderson's sentence. Moreover, Anderson's presentence-investigative report stated Anderson had not been employed since 2016 and is dependent on her parents for financial support. While the trial court indicated it read the presentence-investigative report, it did not state what (if any) effect it had on the trial court's imposition of costs and attorney's fees. Given this uncertainty in the record, we remand this matter to the trial court for it to determine whether court appointed attorney fees should be imposed as a civil assessment.

{¶ 23} Judgment affirmed in part, reversed in part, and remanded for further proceedings.

HENDRICKSON and PIPER, JJ., concur.

- 9 -

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed in part, reversed in part, and remanded for further proceedings consistent with the above Opinion.

It is further ordered that a mandate be sent to the Preble County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed 50% to appellant and 50% to appellee.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Robin N. Piper, Judge*